UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Cody-Allen Zab,
Plaintiff,

v.

Wayne Salisbury, in his individual and official capacity; Investigator Morrissette, in his individual and official capacity; Jack Murray, in his individual and official capacity; Scott Davidson, in his individual and official capacity; Linda Aul; and Scott Vellone,
Defendants.

C.A. No. 1:25-cv-00369-MSM-AEM

**MEMORANDUM AND ORDER**

AMY E. MOSES, United States Magistrate Judge.

Before the Court for determination are eight motions. Plaintiff Cody-Allen Zab has filed a Third Motion to Compel Discovery (ECF No. 58); a Motion to Compel Discovery (ECF No. 61); a Motion to Request an Order be Issued for Admittance [to] Eleanor Slater Mental Hospital to have [a] Mental Health Evaluation Pursuant to Rule 35 (ECF No. 81); a Motion to Strick (ECF No. 85); an oral Motion to Appoint Counsel Renewed; and a Motion for Sanctions (ECF No. 91). State Defendants[1] filed two motions: a Second Motion for a Protective Order (ECF No. 75) and a Second

[1] State Defendants include Wayne Salisbury, in his individual and official capacity; Investigator Morrissette, in his individual and official capacity; Jack Murray, in his individual and official capacity; Scott Davidson, in his individual and official capacity; Linda Aul; and Scott Vellone. *See* ECF No. 75; *see also* ECF No. 77.

Motion for an Extension of Time to Respond to Plaintiff's Second Request for Production of Documents and Interrogatories (ECF No. 77). Each motion will be analyzed *seriatim*.

## I. BACKGROUND

This litigation arises from a 42 U.S.C. § 1983 dispute between Plaintiff Cody-Allen Zab—an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island—and State Defendants. ECF No. 74. Mr. Zab alleges that he was subjected to "sexual harassment and abuse, unconstitutional conditions of confinement, denial of medical care, biased and incomplete investigations, improper disclosure of confidential information, and retaliation for reporting misconduct." *Id.* at 2. He lists a total of forty-seven causes of action against State Defendants, many of which he claims violate his First, Eighth, and Fourteenth Amendment rights. *Id.*

Many of the motions before the Court are interrelated. Mr. Zab has filed four different motions to compel in this action—ECF Nos. 33, 58, 61, and 64—and two (ECF Nos. 58 and 61) are currently before the Court. Those motions pertain to overlapping requests for production of documents, with each successive set of requests appearing to add further requests, building upon the last. *See* ECF Nos. 33, 58, 61.

Mr. Zab's first motion to compel, ECF No. 33, sought responses to his requests for the production of documents, electronically stored video footage, and other tangible evidence. It was granted, directing State Defendant's to respond to the discovery at issue in accordance with the applicable rules. April 13, 2026, Text Order.

On May 1, 2026, State Defendants moved for an extension of time to provide that discovery. ECF No. 46. That motion was granted, allowing them until June 13, 2026 to provide that discovery, with the Court specifying that requests for further extensions would not be granted. June 2, 2026, Text Order.

On June 17, 2026—four days after the deadline imposed by the Court—State Defendants filed a motion for a protective order (ECF No. 55) seeking to restrict and redact certain information relevant to materials responsive to Mr. Zab's requests for production at issue in his first motion to compel, ECF No. 33. The Court denied without prejudice this motion for a protective order because State Defendants failed to meet their burden, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as they (1) failed to show good cause by only making broad allegations of harm; and (2) failed to include a certification that State Defendants conferred, or made a good faith attempt to confer, with Mr. Zab prior to its filing. July 27, 2026, Text Order.

On June 25, 2026, State Defendants requested an extension of time to respond to Mr. Zab's second request for production of documents and interrogatories (ECF No. 57).[2] The Court granted this motion, allowing State Defendants until August 15, 2026 to provide the materials responsive to Mr. Zab's second request for production of documents and interrogatories. July 27, 2026, Text Order. Because of this new

[2] Following those motions by State Defendants, Mr. Zab filed three more motions to compel in quick succession. On July 1, 2026, Mr. Zab filed his "third" motion to compel discovery (ECF No. 58); on July 6, 2026, he filed a motion to compel discovery responses (ECF No. 61); and on July 8, 2026, he filed a motion to compel State Defendants reply to his interrogatories (ECF No. 64).

August 15, 2026 deadline, Mr. Zab's motion to compel answers to those interrogatories (ECF No. 64) was denied as moot.

The day before the August 15, 2026 deadline State Defendants filed a second motion for a protective order (ECF No. 75). This motion included a certification that State Defendants attempted to confer with Mr. Zab, as required by Rule 26(c), by sending him a letter.[3] ECF No. 75 at 5. State Defendants also asserted, with neither citation to authority nor any analysis, the law enforcement privilege as a basis for why the motion should be granted. *Id.* at 3. That same day, State Defendants also filed a second motion for an extension of time to provide materials responsive to Mr. Zab's second request for production of documents and interrogatories (ECF No. 77).

At Mr. Zab's request, the Court held a conference on August 18, 2026 in an attempt to clarify and resolve the outstanding discovery disputes. At the conference—and memorialized in a Text Order that day—the Court ordered counsel for State Defendants to meet with Mr. Zab at the ACI by September 3, 2026 to discuss, among other things, the proposed protective order and outstanding discovery. Also at the conference, Mr. Zab orally renewed a previous motion to appoint counsel.

State Defendants subsequently filed a status update (ECF No. 82) representing to the Court that counsel for State Defendants and Mr. Zab met but were unable to come to any agreement on either State Defendants' request for an extension of time or the proposed protective order. The Court then scheduled a

[3] Mr. Zab stated at the August 18, 2026 conference that he had not received the letter.

hearing for September 8, 2026 on Mr. Zab's two outstanding motions to compel (ECF Nos. 58 and 61) and State Defendants' motions for a protective order (ECF No. 75) and for an extension of time (ECF No. 77). After hearing arguments, the Court took those four motions under advisement.

Mr. Zab, between meeting with counsel for State Defendants and the hearing, filed two additional motions. The first is a request for the Court to issue an order directing State Defendants to have him admitted to Eleanor Slater Mental Hospital for a mental health evaluation (ECF No. 81). The second is a motion to strike State Defendants' assertion of the law enforcement privilege in its second motion for a protective order (ECF No. 85).

Finally, on September 25, 2026, Mr. Zab filed a motion for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, arguing that State Defendants had failed to produce discovery they had indicated would not need to be covered by a protective order. ECF No. 91.

## II. State Defendants' Second Motion for Protective Order (ECF No. 75)

### A. The Parties' Arguments

State Defendants argue that many of Mr. Zab's request for production could jeopardize the safety and security of inmates and other personnel at the ACI because such information "identifies personal information of non-parties as well as investigative methodology and sources." ECF No. 75 at 1. Specifically, State Defendants note that Mr. Zab has requested a report from the ACI's Special Investigative Unit. *Id.* at 2. They aver that this report contains the procedures the

investigator used to produce the report and has statements and identifying information from witnesses that include inmates and staff at the prison. *Id.* at 2–3. Providing that information to Mr. Zab could allow him to share information that would harm the safety of those witnesses or assist others in hindering future investigations. *Id.*

State Defendants further point to Mr. Zab's request for specific video evidence captured by cameras located in the ACI, which they note could provide Mr. Zab with the positions and angles of cameras located in the ACI. ECF No. 75 at 3–4. Likewise, they represent that providing Mr. Zab with logbooks of which correctional officers are located at specific posts at specific times also could provide him with information that could undermine security at the ACI. *Id.*

With their motion, State Defendants provided a proposed Protective Order. ECF No. 75–1. It references Department of Corrections ("DOC") Policy 5.10 but that policy was not filed or otherwise submitted to the Court.[4]

At the September 8, 2026 hearing on the motion, counsel for State Defendants argued that grievance reports; disciplinary records; incident reports; use of force reports; and DOC operating procedures and policies all also contain information relating to safety protocols and witnesses.

In his objection to the motion, Mr. Zab argued State Defendants failed to show good cause and they did not actually try to confer with him about the motion. ECF

[4] The Court requested that DOC Policy 5.10 be submitted for consideration at the September 8, 2026 hearing. State Defendants filed the policy the same day. ECF No. 89.

No. 83. At the hearing, he further objected to the protective order unless he was provided with a laptop to have in his cell.

### B. Legal Standard

"Rule 26(c)(1) permits a party from whom discovery is sought to move for a protective order based on 'good cause' to protect that party from undue burden or expense." *Boudreau v. Petit*, No. 17-301-MSM, 2026 WL 744819, at *4 (D.R.I. Mar. 17, 2026). "'The 'good cause' standard . . . is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.'" *Id.* (quoting *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 402 (1st Cir. 2005)). "'To show good cause, the party seeking the protective order must demonstrate a particular need for protection; [b]road allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test.'" *Id.* (quoting *Heagney v. Wong*, No. 15-40024-JSH, 2016 WL 2901731, at *3 (D. Mass. May 18, 2016)). In addition, "Rule 26(c)(1) requires that a motion for a protective order 'include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action[.]'" *Boudreau*, 2026 WL 744819, at *4 (quoting Fed. R. Civ. P. 26(c)(1)).

### C. Analysis

In the instant matter, State Defendants have articulated specific reasons for how providing certain information—such as security videos, DOC policies and operating procedures, investigative techniques and methods, and logbooks—can

impact security at the ACI and therefore need to be protected. *See Boudreau*, 2026 WL 744819, at *4 ("To show good cause, the party seeking the protective order must demonstrate a particular need for protection[.]" (citation modified)). Yet, the Court also is mindful of Mr. Zab's need to access that information so that he has a fair opportunity to pursue his claims. Thus, it must strike a balance between Mr. Zab's concerns about attempting to show liability on the part of State Defendants and State Defendants' legitimate need to protect the safety and security of the ACI, its staff, and other inmates. *See St. Michel v. Dept. of Human Services, Disability Determination Services*, No. 24-432-JJM, 2026 WL 2426992, at *3 (D.R.I. Aug. 19, 2026) ("The Court has broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." (citation modified)).

The Court agrees with State Defendants that a protective order is necessary in this case. After careful review of the proposed protective order and DOC Policy 5.10, the Court is GRANTING IN PART State Defendants' motion by entering a Protective Order that permits the "CONFIDENTIAL" designation and redaction for documents falling within the categories enumerated by State Defendants and both references and has attached to it DOC Policy 5.10. While State Defendants sought to unilaterally deem other materials beyond the listed categories "CONFIDENTIAL," that is not permitted. Instead, if State Defendants seek to have material deemed "CONFIDENTIAL" that is not listed in the categories in Paragraph 1 of the Protective Order, then they must first confer with Mr. Zab prior to the deadline for such discovery; then, if the parties cannot agree, State Defendants shall promptly request

a discovery dispute conference with the Magistrate Judge. Moreover, if Mr. Zab is not provided with access to electronic discovery within the seven calendar days provided for in the Protective Order—as specified by DOC Policy 5.10—State Defendants must file a notice with the Court on CM/ECF with the date of the request and reasons why timely access was not provided. See *id.* ¶ 7.

## III. State Defendants' Second Motion for an Extension of Time (ECF No. 77)

State Defendants request another extension of time to respond to Mr. Zab's second request for production of documents and interrogatories due to their counsel's need to review information for the "voluminous" discovery Mr. Zab had requested to ensure that it is relevant, responsive, and not privileged. *See* ECF No. 77 at 1–2.

Given that the Court is just now granting the second motion for a protective order, State Defendants' second motion for an extension of time (ECF No. 77) is GRANTED: State Defendants will have up to, and including, October 15, 2026, to respond to Mr. Zab's second request for production of documents and interrogatories. Given the amount of time that has passed since State Defendants received that discovery, and because they previously missed a Court-ordered discovery deadline, State Defendants and their counsel are warned that failure to respond by the October 15, 2026 deadline may result in sanctions.

## IV. Mr. Zab's Third Motion to Compel Discovery (ECF No. 58) and Motion to Compel Discovery Responses (ECF No. 61)

State Defendants have been directed to respond to Mr. Zab's discovery requests by October 15, 2026. Therefore, the Court DENIES AS MOOT Mr. Zab's Third

Motion to Compel Discovery (ECF No. 58) and his Motion to Compel Discovery Responses (ECF No. 61).

## V. Mr. Zab's Motion to Request an Order for Admittance to Eleanor Slater Mental Hospital (ECF No. 81)

### A. The Parties' Arguments

Mr. Zab requests to be admitted to Eleanor Slater Mental Hospital for a mental health examination for several reasons. ECF No. 81 at 1–2. The first few reasons are because he believes that he cannot receive adequate medical care at the ACI given a conflict between the personnel in the medical office and himself due to the instant litigation. *Id.* Additionally, he claims his mental health is in controversy in this action and an independent examination is relevant to his claim for damages. *Id.* at 2.

State Defendants respond by claiming that Mr. Zab is simply trying to have the government "bear the cost of and responsibility to conduct an examination . . . in order to establish an alleged fundamental element of his case[.]" ECF No. 88 at 2.

### B. Legal Standard

Rule 35(a) of the Federal Rules of Civil Procedure provides the following:

> The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

"Rule 35 allows the court to compel a medical examination on the motion of an *opposing party*, it 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.'" *Paiva v. Bansal*, No. 10-179-S, 2011 WL 1595425, at *1 (D.R.I. Apr. 27, 2011) (emphasis in original) (quoting *Brown v. U.S.*, 74 Fed. App'x 611, 614 (7th Cir. 2003)). Even if a plaintiff is proceeding *in forma pauperis*, "he may not use Rule 35 to obtain an expert medical witness at the Court's expense." *Id.* at *2 (citing *Whaley v. Erickson*, No. 05-898, 2006 WL 3692633, at *2–3 (E.D. Wis. Dec. 11, 2006)).

**C. Analysis**

Rule 35 is designed to provide "a level playing field as between the parties." *Looney v. National R.R. Passenger Corp.*, 142 F.R.D. 264, 265 (D. Mass. 1992). In *Looney*, the court ordered plaintiff to submit to a physical examination conducted by defendant's chosen medical expert because plaintiff had placed his physical condition in controversy. *Id.* at 266. Because plaintiff had his own medical expert who would provide testimony on plaintiff's condition, it would only be fair that defendants could have their own medical expert examine plaintiff to counter plaintiff's expert. *See id.* at 265–66.

Here, on the other hand, Mr. Zab is requesting an expert to further his own case. ECF No. 81 at 1–2. While his concerns regarding the adequacy of a medical examination he could receive at the ACI may be legitimate, so too his concerns of such an examination being impartial, Rule 35 is not designed to relieve a plaintiff of the costs associated with retaining a medical expert. *See Paiva*, 2011 WL 1595425, at *1.

As a result, Mr. Zab's motion to be admitted to Eleanor Slater Mental Hospital for a mental health examination (ECF No. 81) is DENIED. Nothing in this order should be construed as preventing Mr. Zab from obtaining a medical examination at his own expense.

## VI. Mr. Zab's Motion to Strick (ECF No. 85)

Mr. Zab requests the Court to strike from the record State Defendants' attempt to invoke the law enforcement privilege in their second motion for a protective order. ECF No. 85 at 1. Because that privilege was not raised in their answer to his complaint, he claims they have waived that defense. *Id.*

The law enforcement privilege is "a qualified privilege for certain information related to law enforcement activities[.]" *Commonwealth of Puerto Rico v. U.S.*, 490 F.3d 50, 62 (1st Cir. 2007). It is not an affirmative defense that must be raised in an answer to a complaint. *See* Fed. R. Civ. P. 8(c) (requiring any affirmative defenses to be raised in a response to a pleading). Mr. Zab's Motion to Strick (ECF No. 85) therefore is DENIED.

## VII. Mr. Zab's Oral Motion to Appoint Counsel Renewed

At the August 18, 2026 conference, Mr. Zab orally renewed his motion to appoint counsel. The Court denied Mr. Zab's previous motion to appoint counsel (ECF No. 14), noting the discretionary nature of its authority to appoint, *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991), and assessing the *DesRosiers* factors.

The Court again considered Mr. Zab's request for counsel. "There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers*, 949 F.2d at

23 (citations omitted). Looking at the "complexity of the legal issues" and Mr. Zab's "ability to represent himself," there are not exceptional circumstances present here warranting appointment of counsel. *See id.* at 24. Therefore, Mr. Zab's renewed request for counsel is DENIED.

**VIII. Mr. Zab's Motion for Sanctions (ECF No. 91)**

Finally, Mr. Zab requests the Court to impose sanctions because, he claims, at the September 8, 2026 hearing, State Defendants indicated they could produce some discovery that would not need be subject to a forthcoming protective order. ECF No. 91 at 1. He further claims that State Defendants have only turned over redundant information or information that is not responsive to his prior requests for production. *Id.* at 2.

The Court understands Mr. Zab's frustrations with how discovery has progressed in this matter. However, this Memorandum and Order grants both State Defendants' request for a protective order and second motion for an extension of time to respond to Mr. Zab's second request for production of documents and interrogatories, allowing State Defendants the opportunity to respond to Mr. Zab's discovery requests now that a Protective Order has entered. Should State Defendants fail to timely respond, the Court will then consider the imposition of sanctions at that time. Consequently, Mr. Zab's motion for sanctions (ECF. No. 91) is DENIED WITHOUT PREJUDICE.

## IX. CONCLUSION

For the reasons detailed above, State Defendants' Second Motion for a Protective Order (ECF No. 75) is GRANTED IN PART as specified in the Protective Order entered by the Court. State Defendants' Second Motion for an Extension of Time (ECF No. 77) is GRANTED, providing them until October 15, 2026, to respond to Mr. Zab's second request for production of documents and interrogatories. Mr. Zab's two Motions to Compel (ECF Nos. 58 and 61) are DENIED AS MOOT to allow the State Defendants time to respond by October 15, 2026. Mr. Zab's Motion to Request an Order for Admittance [to] Eleanor Slater Mental Health Hospital to Have [a] Mental Health Evaluation Pursuant to Rule 35 (ECF No. 81); Motion to Strick (ECF No. 85); and Renewed Motion to Appoint Counsel are DENIED. Mr. Zab's Motion for Sanctions (ECF No. 91) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

/s/ Amy E. Moses

AMY E. MOSES
U.S. Magistrate Judge

October 1, 2026